IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALA'LYENIA ADAMS, | ) | CASE NO. 1:22 CV 00817 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND CLINIC HOSPITAL, *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Cala'Lyenia Adams filed this *in forma pauperis* action against the Cleveland Clinic Hospital and Akron General Hospital alleging medical malpractice and defamation. (R. 1). For the reasons that follow, this action is dismissed for lack of subject matter jurisdiction.

I. Background

Although Plaintiff's complaint is difficult to decipher, it appears that she presented herself to the Cleveland Clinic Main Campus where she was scheduled for a medical procedure. As best the Court can discern, Plaintiff alleges that medical staff attempted to gain intravenous access to her arm, and while doing so, entered her artery and caused severe bleeding. (R. 1-1, PageID# 6–7). Plaintiff claims that this act caused emergency surgery, multiple blood transfusions, a lifetime of pain and surgeries, and difficulty using her right arm—which she alleges constituted medical negligence. (*Id*., PageID# 8–9).

In addition, Plaintiff appears to allege that she was treated at Akron General Hospital where she was wrongfully admitted to the psychiatric ward. (*Id.*, PageID# 13). Plaintiff claims that the nurse could not match her name with hospital records because her name was misspelled, but hospital staff refused to believe her, and the hospital staff "slandered" and "defamed" her. (*Id.*, PageID# 13–15). Additionally, Plaintiff alleges she was improperly treated at Akron General and sustained injuries as a result of Akron General's negligence. (*Id.*).

## II. Law

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations in the complaint as true, and discern whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation omitted). In addition, the plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Analysis

Plaintiff's complaint appears to allege that Defendants' medical treatment constituted medical malpractice or negligence, and Akron General slandered or defamed her while also injuring Plaintiff with its negligence. This Court, however, has no jurisdiction to address Plaintiff's alleged medical malpractice, defamation, or negligence claims.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review questions of federal and state law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority provided to them by the Constitution and Congress. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

3

upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress provide federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *see also* 28 U.S.C §§ 1331, 1332. The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient monetary value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of other states. *See Caterpillar Inc.*, 519 U.S. at 68 (explaining that diversity jurisdiction requires "complete diversity of citizenship"). The citizenship of a natural person equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

Plaintiff's complaint on its face fails to demonstrate diversity jurisdiction, as she indicates that she and Defendants are citizens of Ohio. (R. 1, PageID# 1–3; R. 1-1, PageID# 8). "A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645–46 (6th Cir. 2003) (*quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation*

4

*Tr. for S. Cal.*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). Plaintiff's complaint on its face alleges a medical malpractice or medical negligence claim, a purported defamation claim, and a separate negligence claim, all of which are based on Ohio law. Plaintiff alleges no claim arising under federal law that establishes federal question jurisdiction under 28 U.S.C. § 1331.

Accordingly, the complaint lacks any basis for this Court to determine it has subject matter jurisdiction to entertain Plaintiff's state law medical malpractice, defamation, and negligence claims. Consequently, this Court must dismiss Plaintiff's complaint on that basis alone.

### IV. Conclusion

For the foregoing reasons, the Court dismisses this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). In addition, Plaintiff's motion to proceed *in forma pauperis* (R. 2) is granted, but the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: February 8, 2023